**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE BROWN PEREZ,

Petitioner,

v.

Case No. 1:26-cv-03087-MIS-GBW

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Jose Brown Perez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 16, 2026. Respondents answered the Petition ("Response") on October 1, 2026, ECF No. 7.[1] Respondents request the Court deny the Petition, arguing that although Petitioner has been detained for more than six months while under a final order of removal, he is responsible for the delay in his removal. Id. at 4. Petitioner replied on November 5, 2026. ECF No. 10. Upon review of the Parties'

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

submissions, the record, and the relevant law, the Court will **DENY** the Petition for the reasons set forth herein.

## I. Background

Petitioner is a Cuban citizen who has resided in the United States for 33 years, living during that time in Miami, Florida. Pet. at 7, Form I-213, ECF No. 7-1. An Immigration Judge entered an Order of Removal in January 2000, which Petitioner did not appeal, making it administratively final. Pet. at 4; Form I-213, ECF No. 7-1. Petitioner was released on an order of supervision on or about March 29, 2004. Ntc. Revocation of Release, ECF No. 7-3. However, on February 6, 2026, Petitioner's release was revoked because he was convicted of felony charges, including possession of a controlled substance and burglary of an unoccupied dwelling. Id. On or about February 7, 2026, United States Immigration and Customs Enforcement ("ICE") took custody of Petitioner. Pet. at 4. He has been detained since and is currently detained at the Torance County Detention Facility in Estancia, New Mexico. Id. at 1.

Since his detention, the United States Department of Homeland Security ("DHS") has taken concrete steps to remove Petitioner. Hannah Patrick Decl., ECF No 7-2. First, on June 18, 2026, DHS learned that Cuba denied repatriation of Petitioner. Id. at ¶ 7e. DHS then began to attempt to remove Petitioner to a third country. Id. at ¶ 7f. On June 22, 2026, DHS's Enforcement and Removal Operations ("ERO") served Petitioner with a Notice of Removal form that notified him that DHS intended to remove him to Mexico; Petitioner refused to sign the form. Id. at ¶ 7g. On July 6, 2026, Petitioner refused to depart his pod to comply with a removal operation to Mexico scheduled for July 7, 2026. Id. at ¶ 7i. There is no evidence that Petitioner alleged at that time he had a credible fear of being removed to Mexico. See generally Pet. and Resp.

Respondents state that they continue to work on Petitioner's removal but describe no further concrete steps they have taken to effect his removal. See generally, ECF No. 7 and 7-2. In his reply, Petitioner acknowledges that he refused to sign the Notice of Removal to Mexico provided to him on June 22, 2026. ECF No. 10. In addition, Petitioner acknowledged that when he "was asked to go to Mexico twice, [he] refused." Id. In his reply, he asserts he is afraid of going to Mexico because he does not know anyone there. Id.

On September 17, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the Petition show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in Zadvydas v. Davis, 533 U.S. 678 (2001) or Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." Id.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Analysis

Petitioner asserts that his detention has "become unconstitutionally prolonged and violates the Fifth Amendment." Pet. at 6. He requests immediate relief or, in the alternative, that the Respondents be required to provide clear and convincing evidence that his continued detention is justified and his removal is possible in the foreseeable future. Id. at 7. Respondents acknowledge that Petitioner has been detained for more than 6 months but assert that Petitioner is the sole cause of the delay and therefore not entitled to relief. ECF No. 7 at 4-7.

After entry of a final removal order and during the 90–day removal period ... aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Section 1231(a)(6) allows for the extension of the 90-day removal period where the Attorney General determines that the noncitizen is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). Thus, Zadvydas held that custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

But:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C). "The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention."

Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

That is the case here, as Petitioner makes no real argument that §1231(a)(1)(C) does not apply. See generally ECF No. 10. More, the record establishes that Petitioner acted on the cusp of removal to prevent it, refusing to leave his housing unit. See Hannah Patrick Decl., ECF No. 7-2 at ¶ 7i. He asserts in his reply, apparently for the first time, that he fears going to Mexico because he knows no one there; as he did not raise this argument at the time Respondents attempted to remove him it does not excuse his refusal to cooperate with removal efforts. Thus, the Court finds that Petitioner's July 6, 2026, refusal to cooperate with removal efforts suspended the removal period pursuant to 8 U.S.C. § 1231(a)(1)(C) and he therefore is not entitled to relief on his indefinite, prolonged detention claim.

However, this does not end the Court's inquiry. For now, four months after the Respondents last attempted to remove Petitioner, they have identified no further concrete steps they have taken to effect Petitioner's removal or further acts of obstruction. See generally ECF No. 7. A petitioner's failure to cooperate in the removal process does not give the Government license to detain the Petitioner indefinitely; rather, it must continue to make efforts to remove him. To hold otherwise would allow for indefinite detention on a single act of non-cooperation. The Ninth Circuit has spoken clearly and persuasively on the effect of instances of non-cooperation in the removal process and the Court hereby adopts the Ninth Circuit's position. Diouf v. Mukasey, 542 F.3d 1222, 1230-31(9th Cir. 2008). Briefly, the Ninth Circuit held that the 90-day removal period "restart[s] following the latest date of documented obstruction." Id. at 1231. Thus, under this approach, the record shows the last date of documented obstruction occurred on July 6, 2026, meaning the 90-day removal period expired on or about October 4, 2026. However, the 90-day

clock may be extended under § 1231(a)(6) through a presumptively reasonable period of 6-months, or in this case through January 6, 2027. 8 U.S.C. § 1231(a)(6); Zadvydas, 533 U.S. at 701; see also Diouf, 542 F.3d at 1232 (extending the restarted 90-day clock pursuant to § 1231(a)(6) where a noncitizen had obstructed removal efforts).

Accordingly, the Court does not rule out the possibility that Petitioner's detention may, at some point (possibly, January 6, 2027), become unreasonably indefinite, if the Respondents take no further concrete steps to remove him or do not establish other documented acts of obstruction. Therefore, the Court will deny the Petition without prejudice.

Accordingly, it is **HEREBY ORDERED** that Petitioner Jose Brown Perez's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE